FILED
IN CLERKS OFFICE
2012 OCT 29 P 2:29
U.S. DISTRICT COURT
DISTRICT OF MASS

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

MICHAEL JONZUN, an individual,

Plaintiff,

v.

The Estate of Michael Joseph Jackson, Mijac Music, The Michael Jackson Company, LLC, AEG Live, Paulanne Music, Chrysalis Songs, Paul Anka, Paul Anka Productions Sony Pictures, Sony Music, Epic Records, and Does 1-4.

Defendants.

Civil Action_____

## JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff MICHAEL JONZUN alleges:

## I
## JURISDICTION

1. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a) and 28 U.S.C. § 2201-2202, in that this action arises under the Copyright Act of 1976, as amended, 17 U.S.C. *§ 101 et seq.* With regard to any claim stated below which is not brought under the Copyright Act, the court has jurisdiction over such other claim under the doctrine of supplemental jurisdiction, pursuant to 28 U.S.C. § 1367.

## II
## PARTIES

2. Plaintiff MICHAEL JONZUN ("JONZUN") is an individual residing in the County of Barnstable, State of Massachusetts.

3. Defendant the ESTATE OF MICHAEL JOSEPH JACKSON is believed to be administered in the State of California.

4. Upon information and belief, Defendant MIJAC MUSIC is a trust with all rights transferred to and administered by Sony/ATV, a corporation with its principal place of business in New York, New York.

5. Defendant MICHAEL JACKSON COMPANY, LLC, is a Delaware Corporation with its principal place of business in Los Angeles County, California.

6. Defendant AEG LIVE is a subsidiary of The Anschutz Corporation with its principal place of business in Denver County, Colorado.

7. Defendant PAULANNE MUSIC is a corporation with its principal place of business in Los Angeles County, California.

8. Defendant CHRYSALIS SONGS a/k/a CHRYSALIS MUSIC GROUP is believed to be a corporation administered by BMG Rights Management with its principal place of business in Davidson County, Tennessee.

9. Defendant PAUL ANKA is an individual believed to reside in Los Angeles County, California.

10. Defendant PAUL ANKA PRODUCTIONS is a corporation located in Los Angeles County, California.

11. Defendant SONY PICTURES is a corporation with its principal place of business in Los Angeles County, California.

12. Defendant SONY MUSIC is a corporation with its principal place of business in New York County, New York.

13. Defendant EPIC RECORDS is a corporation with its principal place of business in New York County, New York.

## III
## VENUE

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) in that either a substantial part of the events or omissions giving rise to the claim occurred, or that at least one defendant resides in this district, if there is no district in

which the action may otherwise be brought.

## IV

## GENERAL ALLEGATIONS

15. On or about March, 1990, Plaintiff, Michael Jonzun (Jonzun) was approached by Julio Caro ("Caro"), manager for the artist Sa-Fire, to produce two songs by Safire for Polygram Records ("Polygram"). On or about April 3, 1990, Jonzun entered into a Producer's Agreement with Julio Caro, to produce two singles entitled "I Can't Cry" and "I Never Heard," with payment coming directly to Jonzun from Polygram Records.

16. Jonzun was a world renowned Music Producer, Songwriter/Composer, Multi-Instrumentalist, and Recording Artist, who had sold nearly 100 million records and videos worldwide, and had no less than (7) # 1 Billboard Chart Hits and climbing, among other industry accolades, to his credit at the time that Caro had approached Jonzun. Caro had several conversations with Jonzun about collaborating to help finish the song "I Never Heard", which was in a very rough unfinished demo form. The tape contained only a basic piano melody, lead vocal, finger snaps and a scat vocal. On or about April 3, 1990, Caro sent Jonzun a copy of a demo tape of "I Never Heard" with Paul Anka playing the piano and Michael Jackson singing the demo. It is believed that Jackson and Anka recorded the original demo in 1983. Caro asked Jonzun to "consider" two versions of the song

and also requested for his feedback on whether he liked the song.

17. Jonzun went on to create multiple versions of "I Never Heard", changing, and/or eliminating, and/or adding such critical elements as the backbeat, chord progressions, shaker, rhythm guitar, orchestral strings, creating a main chorus hook chant, bass lines, harmonizing vocals, grand piano, harpsichord, lyrics, to name a brief few; all of which created the music bed and song foundation, as well as the main chorus hook chants of the composition, and thus completing the composition. Jonzun still has the tapes of the versions he created in his possession.

18. It was reported to Jonzun through Caro and Polygram Vice President of A & R Bruce Carbone ("Carbone") that Michael Jackson loved what Jonzun did with his many song versions. Offers to purchase Jonzun's interest in the song followed. Jonzun declined all offers. The business relationship broke down soon thereafter, although Safire included Jonzun in her thank-you's on her ablum *I Wasn't Born Yesterday*, when it was released in 1991.

19. On or about October 2009, after Michael Jackson's death, Sony Music released the song *This is it*, misleadingly referring to it as a "new single". In addition to appearing on the album *This Is It*, it was also featured in the movie *This Is It*, the 2009 concert documentary.

20. Immediately after its release, Anka threatened legal action against Jackson's estate, claiming that the song *This Is It* was based on the original 1983 song, *I Never Heard*, that he and Michael Jackson co-wrote. It is believed that the Jackson estate reportedly then agreed to give Anka 50 percent of the song's publishing rights.

21. Jonzun first heard the song *This Is It*, shortly after it was released in 2009. He recognized his own work from the collaboration effort on *I Never Heard* from 1990, as the current release of This Is It is substantially similar to all of the "I Never Heard" versions that Jonzun created in 1990.

## V

## FIRST CLAIM FOR DECLARATORY RELIEF AND AN ACCOUNTING UNDER THE COPYRIGHT ACT

(Against all Defendants)

22. Plaintiff realleges paragraphs 1 through 21, inclusive, as if fully set forth.

23. Plaintiff , co-wrote the newly entitled song "This Is It", as a joint work, which is a remake of the composition "I Never Heard" originally authored by Anka and Jackson. The song is a joint work, pursuant to 17 U.S.C. § 101, and plaintiff is a co-owner of that joint work, pursuant to 17 U.S.C. § 201(a), with plaintiff, Anka and Jackson each owning an undivided one third percent (33.33%) interest in and to the copyright of the Composition.

24. Plaintiff has never assigned or transferred to any person any of his ownership interest in and to any of the Compositions. Therefore, pursuant to the Copyright Act, plaintiff is the co-owner of the copyright in and to the Composition as a consequence of his joint authorship. In the alternative, plaintiff is the co-owner of the copyright in and to the Composition by operation of law, in that each such copyright is a partnership asset.

25. There exists a real controversy between plaintiff and defendants as to the true ownership of the Composition, and this controversy is dependent on an interpretation of § 201(a) of the Copyright Act of 1976, and the decisional law interpreting that statute.

26. By this action, plaintiff prays that he be adjudicated a co-author and co-owner an undivided one third (33.33%) interest in and to the copyright in the Composition. In addition, to the extent that the Defendants have received any proceeds or revenues from the Composition up to this time, or during the pendency of this action, plaintiff seeks and accounting of said proceeds or revenues in the event that any of said defendants have received any of plaintiff's 33.33% share of each of the Compositions.

## VI
## SECOND CLAIM FOR LANHAM ACT VIOLATION

27. Plaintiff realleges paragraphs I through 21, inclusive,

as if fully set forth.

28. Jonzun has a protectable interest in “This Is It”.

29. In the credits for “This Is It”, Defendants deliberately give persons other than Jonzun sole credit for work Jonzun had added to “I Never Heard”, a musical composition used in the creation of “This Is It”.

30. Defendants' deliberate conduct was intended to deceive consumers and lead them to believe the persons listed in the credits were entirely responsible for the composition of “This Is It”.

31. Defendants' falsely designate others persons as the sole originators of Jonzun's work.

32. Jonzun, at the time, was a sought after music producer and songwriter/composer, who had written and/or produced for major Recording Artists throughout the world, including such Super Star Artists and Legends as Mick Jaggar with Peter Wolf, Clarence Clemons, Tom Browne, New Edition, New Kids On The Block, Laverne Baker, Ben E. King, Adrian Belew of King Crimson, Elliot Easton of The Cars, Stylistics, Engelebert Humperdink, Sugar Hill Gang, Grand Master Flash & The Furious Five, Afrika Bambaata and Jonzun's own band, Jonzun Crew, among others.

33. As a result of Defendants' failure to give Jonzun

credit for the time and effort he put into the finishing the original composition of "I Never Heard", the precursor of "This Is It", Defendants' have deprived Jonzun of the advertising value of being associated with "This Is It", the album and movie, and the good will that would have stemmed from public knowledge of his collaboration in the composition.

34. Jonzun is currently employed in the music and entertainment industry as a music producer, songwriter/composer, publisher, multi-instrumentalist, recording artist and performer.

35. Defendants' conduct constitutes a violation of 15 U.S.C. section 1125 (The Lanham Act) on account of which Jonzun suffered and continues to suffer damages wholly separate and apart fro the damages which he incurred and continues to incur by reason of the Defendants' violation of 17 U.S.C. section 1 et seq. (The Copyright Act) as more particularly set forth above.

36. The Defendants' conduct described in Count II herein relates solely to the Defendants' failure to properly associate Jonzun's name with the work "This Is It" and is wholly separate and apart from Defendants' improper use of Jonzun's work as more particularly set forth in Count I.

## VII
## THIRD CLAIM FOR UNJUST ENRICHMENT

(Against All Defendants) Plaintiff realleges paragraphs 1 through 36,

37. Wholly separate and apart from the Defendants' violations of 17 U.S.C. section 1 et seq (The Copyright Act) and 15 U.S.C. section 1125 (The Lanham Act), the Plaintiff is entitled to an award of unjust enrichment for the use of his original work in the composition "This Is It".

WHEREFORE, plaintiff prays for judgment as follows:

(a) On the First Claim for relief, for a judicial declaration that plaintiff is the co-author and owner of an undivided one third percent (33.33%) interest in and to the copyright of "This Is It", as well as monetary damages believed to be in the vicinity of ten million dollars ($10,000,000), that Jonzun sustained in consequence of Defendants' failure to credit Jonzun's work and failing to pay Jonzun his rightful share of all gains, profits and advantages generated by "This Is It".

(b) On the Second Claim for relief, an amount no less than four million dollars ($4,000,000.) in additional damages Jonzun has sustained as a consequence of Defendants' actions in violation of 15 U.S.C. sec. 1125 (The Lanham Act) or in such other additional damages as to the Court shall

appear proper, and that such damages requested by trebled as allowed by 15 U.S.C. sec. 1117;

(c) On the Third Claim for relief, an amount no less than ten million dollars ($10,000,000) for the Defendants' unjust enrichment as a result of failing to credit Jonzun for his original work used in "This Is It";

(d) pursuant to 28 U.S.C. section 505 and/or 15 U.S.C. Sec 1117, Defendants' jointly and severally, pay to Jonzun the costs of this action and reasonable attorneys' fees, and

(e) that Defendants proffer any other relief that this court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff hereby demands a jury trial.

Respectfully submitted,

Michael Jonzun
15 Boulder Circle
North Falmouth, MA 02556

Dated: October 26, 2012