UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL JONZUN,<br><br>  Plaintiff,<br><br>  v.<br><br>THE ESTATE OF MICHAEL JACKSON,<br>et al.,<br><br>  Defendants. | Civil Action No. 12-12019-DJC |

## MEMORANDUM AND ORDER

**CASPER, J.**                             **March 24, 2014**

### I. Introduction

Plaintiff Michael Jonzun ("Jonzun") has sued a number of Defendants for copyright infringement and other causes of action on the grounds that Jonzun has a protectable interest in the musical recording *This Is It*. D. 1. The following Defendants have moved to dismiss the complaint on a number of grounds: the Estate of Michael Jackson ("the Estate"); Paul Anka ("Anka"), Paul Anka Productions and Paulanne Music ("Paulanne") (collectively, "the Anka Defendants"); and AEG Live, D. 20, 25 and 38, respectively. Jonzun has also moved for an extension of time to serve process. D. 32.

For the reasons discussed below, the Court ALLOWS the Estate's motion to dismiss, D. 20, ALLOWS the remaining motions to dismiss, D. 25 and D. 38, and DENIES Jonzun's motion for extension of time to serve process, D. 32.

1

## II. Standard of Review

Under the *prima facie* standard, to meet his burden of establishing that the Court has personal jurisdiction over the defendants pursuant to Fed. R. Civ. P. 12(b)(2), Jonzun must "demonstrate the existence of every fact required to satisfy both the forum's long arm statute and the Due Process Clause of the Constitution." United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001) (citation and quotations omitted). The Court considers the facts alleged in the pleadings as well as the parties' supplemental filings. Sawtelle v. Farrell, 70 F.3d 1381, 1385 (1st Cir. 1995); Ticketmaster N.Y., Inc. v. Alioto, 26 F.3d 201, 203 (1st Cir. 1994). The Court will "take specific facts affirmatively alleged by the plaintiff as true (whether or not disputed) and construe them in the light most congenial to the plaintiff's jurisdictional claim." Mass. Sch. of Law v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998). The Court will then "add to the mix facts put forward by the defendants, to the extent that they are uncontradicted." Id.

## III. Discussion

### A. The Estate of Michael Jackson Cannot Be Sued

The Estate argues that an estate is not a legal entity capable of being sued and therefore, the complaint must be dismissed. D. 21 at 1. "[A] decedent's estate is not a legal entity. Rights of action against the estates of deceased persons can be asserted only against the individual or individuals administering the estate." Crowe v. Di Manno, 225 F.2d 652, 653 (1st Cir. 1955); Toledo v. Superior Court, 19 Cal. App. 3d 450, 454 (1971); see Chandler v. Dunlop, 311 Mass. 1, 5 (1942). Accordingly, the Court ALLOWS the Estate's motion to dismiss.[1]

### B. Jonzun Has Not Demonstrated that the Court Has Personal Jurisdiction Over the Anka Defendants or AEG Live

---

[1] In light of this conclusion, the Court need not address the remainder of the Estate's arguments. See Howe v. Bank for Int'l Settlements, 194 F. Supp. 2d 6, 15 n.8 (D. Mass. 2002).

Jonzun also has not met his burden of showing that the Court has personal jurisdiction over the Anka Defendants or AEG Live. "To hear a case, a court must have personal jurisdiction over the parties." Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002). The Court's exercise of personal jurisdiction over the Defendants must satisfy both federal constitutional requirements and the forum state's long-arm statute. Astro-Med v. Nihon Kohden Am., Inc., 591 F.3d 1, 8 (1st Cir. 2009). Massachusetts's long-arm statute is co-extensive with federal constitutional requirements; therefore, the Court need only conduct the constitutional analysis. Daynard, 290 F.3d at 52 (citation and quotations omitted).

The plaintiff bears the burden of demonstrating that the Court has either general or specific jurisdiction over out-of-state defendants. Cossaboon v. Maine Med. Ctr., 600 F.3d 25, 31 (1st Cir. 2010). Because Jonzun does not specify whether he intends to assert general or specific jurisdiction, the Court will analyze whether either is met here.

### 1. *Specific Jurisdiction*

To the extent Jonzun attempts to assert specific jurisdiction over the Defendants, he has not satisfied that burden. For specific jurisdiction, Jonzun must show (1) that his claims directly arose out of or are related to the Defendants' Massachusetts activities; (2) the Defendants purposely availed themselves of the privilege of conducting activities in Massachusetts; and (3) the exercise of jurisdiction in Massachusetts is reasonable in light of the required factors. Adelson v. Hananel, 510 F.3d 43, 49 (1st Cir. 2007).

Jonzun's complaint does not assert factual allegations related to the Defendants' Massachusetts contacts. Jonzun has raised in his opposition to the Anka Defendants' motion to dismiss at least a colorable argument that his claims are related to the Defendants' Massachusetts activities. Jonzun asserts that the Anka Defendants and AEG Live have "licensed and/or

3

authorized and/or granted explicit consent regarding products that are being commercially marketed, promoted, distributed, sold, and/or otherwise commercially exploited at retail outlets and internet commerce, including, but not limited to, throughout this jurisdiction of Massachusetts." D. 53 at 2. Jonzun specifically points to the *This is It* album, DVD and film release, which he alleges "embodies the subject composition *This Is It*." Id. at 4-5.

Even if assuming that Jonzun has shown relatedness, the Court concludes that Jonzun has not demonstrated that the Defendants purposely availed themselves of the privilege of conducting activities in Massachusetts. "[T]he cornerstones upon which the concept of purposeful availment rest are voluntariness and foreseeability." Sawtelle, 70 F.3d at 1391. Placing a product in the "stream of commerce" does not satisfy voluntariness, that is, "a commercial enterprise [is not] subject to personal jurisdiction wherever its conduct foreseeably causes injury, regardless of whether the defendant directed its conduct toward the forum state." Sawtelle, 70 F.3d at 1393. The Court also looks at whether it was foreseeable that the defendants would be "haled into" a Massachusetts court as a result of their conduct. Id. "The enforcement of personal jurisdiction over a non-resident defendant is foreseeable when that defendant has established a continuing obligation between itself and the forum state." Id. Jonzun has alleged only that the Anka Defendants placed *This Is It* in the stream of commerce. As discussed above, Jonzun asserts that the Anka Defendants and AEG Live licensed and marketed *This Is It* "including, but not limited to, throughout this jurisdiction of Massachusetts." D. 53 at 2. Accordingly, the Court cannot find, based on Jonzun's factual assertions, that "the defendant[s'] conduct and connection with the forum State are such that [they] should reasonably anticipate being haled into court" in every state where *This Is It* may have been sold. Cossaboon, 600 F.3d at 32 (citations and quotations omitted). See Sawtelle, 70 F.3d at 1393 (quoting Asahi Metal

Indus. Co. v. Super. Court of Cali., 480 U.S. 102, 112 (1987) (holding that "'[t]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State"); Newman v. European Aeronautic Defence & Space Co. EADS N.V., No. 09-10138-DJC, 2011 WL 2413792, at *7 (D. Mass. June 16, 2011) (stating that " awareness and knowledge that products may end up in a forum state or in the United States generally . . . is insufficient to constitute purposeful availment); ICP Solar Technologies, Inc. v. TAB Consulting, Inc., 413 F. Supp. 2d 12, 20 (D.N.H. 2006) (holding that purposeful availment was not satisfied because defendant did not "specifically intend[] to serve" the forum state's market by selling allegedly infringing products"). Although Jonzun also argues that certain agents of Paulanne and Anka collected licensing fees for performance royalties "generated by their work as exploited in this jurisdiction of Massachusetts," D. 53 at 4-5, these allegations do not compel a different result. Allegations that the Defendants garnered royalties as a result of their widespread dissemination of products are not sufficient to give rise to personal jurisdiction. See Head USA, Inc. v. Sorensen, No. 306CV983, 2006 WL 3703646, at *4 (D. Conn. Dec. 13, 2006) (citing Breckenridge Pharm., Inc. v. Metabolite Labs., Inc., 444 F.3d 1356, 1366 (Fed. Cir. 2006)) (mere receipt of royalty income from sales in forum state insufficient for purposeful availment). The Court concludes that Jonzun has not alleged facts sufficient to show that the Defendants purposely availed themselves of the privilege of conducting activities here.

Although the Court need not reach reasonableness, the Court addresses it in the interest of completeness. The Court must consider several factors in assessing whether personal jurisdiction over a defendant is reasonable:

> (1) the defendant's burden of appearing, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies.

Adelson, 510 F.3d at 51 (citation omitted). Weighing these factors, exercising personal jurisdiction over the Defendants would not be reasonable. The first factor does not weigh against exercising personal jurisdiction as there has been no argument that litigating in Massachusetts would be a "special or unusual burden" for the Defendants. See id. While the third factor weighs in favor of jurisdiction, as a "plaintiff's choice of forum must be accorded a degree of deference with respect to the issue of its own convenience," Sawtelle, 70 F.3d at 1395, the second factor, Massachusetts's interest in adjudicating the dispute, weighs against it, as Jonzun has not alleged that the Defendants' conduct caused an injury in Massachusetts. See id. Consideration of the last two factors also do not weigh heavily in favor of exercising personal jurisdiction since it is not clear from the nature of Jonzun's claims that this forum (as opposed to another forum) would effect the most effective resolution of the claims or that this forum has any greater substantive interest in protecting Jonzun's purported intellectual property rights than any other forum, apart from Jonzun's residence in the Commonwealth.

Accordingly, the Court does not have specific jurisdiction over the Anka Defendants or AEG Live.

　　　　2.　　*General Jurisdiction*

For general jurisdiction, "(1) the defendant must have sufficient contacts with the forum state, (2) those contacts must be purposeful, and (3) the exercise of jurisdiction must be reasonable under the circumstances." Cossaboon, 600 F.3d at 32. "To permit the exercise of general jurisdiction, the defendant must engage[ ] in the continuous and systematic pursuit of general business activities in the forum state." Id. at 32 (citations and quotations omitted). The Court must "consider all of a defendant[s'] contacts with the forum state prior to the filing of the lawsuit." Id. at 29 (citations and quotations omitted). "Although our inquiry is fact-specific, it is

6

guided by the types of contacts deemed sufficiently continuous and systematic in other cases." Id. at 32 (citations and quotations omitted). The "plaintiff ultimately bears the burden of persuading the court that jurisdiction exists." Id. at 31 (citations and quotations omitted).

While the Court must construe the facts "in the light most congenial to the plaintiff's jurisdictional claim," Hannon v. Beard, 524 F.3d 275, 279 (1st Cir. 2008) (citations and quotations omitted), Jonzun's complaint and papers filed in opposition to the motions to dismiss do not provide sufficient factual support for the assertion that the Defendants had sufficient contacts with Massachusetts to satisfy general jurisdiction.

"Although a showing of minimum contacts is sufficient to establish specific jurisdiction, the standard for establishing general jurisdiction is considerably more stringent." Cossaboon, 600 F.3d at 32 (citations and quotations omitted). Jonzun's allegations of non-continuous concert performances and global media distribution, D. 53 at 2-5, are insufficient to establish substantial, continuous and systematic contacts such that personal jurisdiction over a recording artist's promoters is appropriate. Other courts have held same. See Kinnard v. Kelly, No. 1:08-CV-1824-JOF, 2009 WL 1606516, at *3 (N.D. Ga. June 8, 2009) (finding music sales and nationwide concert tours insufficient for "continuous and systematic general business contacts"); Jones v. Blige, No. 04–60184, 2006 WL 1329247, at *4 (E.D. Mich. May 16, 2006) (music production and distribution not sufficient for general jurisdiction); Nike, Inc. v. Boy Toy, Inc., No. 90–209–FR, 1990 WL 96681, at *2 (D. Or. July 2, 1990) (distributing music in forum state insufficient for general jurisdiction); compare Montrose v. Moore, No. C09-2146 BZ, 2009 WL 3748521, at *2 (N.D. Cal. Nov. 5, 2009) (noting that "[c]ourts have found general jurisdiction based on internet sales, where defendants derived substantial revenue from and explicitly directed marketing activities towards the forum state"). The Court further notes that Jonzun has

not demonstrated that the Defendants' contacts were purposeful, as opposed to "random, fortuitous, or attenuated," Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985), which is another requirement for general jurisdiction. Finally, as discussed above, merely garnering royalties as a result of the Defendants' widespread dissemination of products would also be insufficient for personal jurisdiction. See Head USA, 2006 WL 3703646, at *4. Accordingly, this Court does not have general jurisdiction over the Anka Defendants or AEG Live.

While the Court recognizes that Jonzun has pursued this case *pro se*, he is still required to demonstrate a jurisdictional basis to assert his claims against the Defendants in this forum. Fed. R. Civ. P. 8(a)(1) (requiring a "pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction"). For these reasons, the Court ALLOWS the Anka Defendants and AEG Live's motions to dismiss for lack of personal jurisdiction, D. 25 and D. 38.[2]

### C. The Court Denies the Motion for Extension of Time to Serve Process

Jonzun has moved for a 120-day extension to serve Defendants Sony Pictures, Sony Music, Mijac Music, Epic Records, Chrysalis Songs, The Michael Jackson Company, LLC, Paul Anka, Paul Anka Productions and Does 1 through 4. D. 32. Under Local Rule 4.1(A), "[a]ny summons not returned with proof that it was served within [120] days of the filing of the complaint is deemed to be unserved for the purpose of Fed. R. Civ. P. 4(m)." A plaintiff may, however, show good cause to extend this time period, Fed. R. Civ. P. 4(m), and must "fil[e] a motion for enlargement of time under Fed. R. Civ. P. 6(b), together with a supporting affidavit" to do so. Local Rule 4.1(B).

---

[2] Because the Court holds that it does not have jurisdiction over the Anka Defendants and AEG Live, the Court need not reach the Defendants' other grounds for the motions to dismiss.

8

Jonzun filed his complaint on October 30, 2012. D. 1. Accordingly, Jonzun's service of process deadline was February 27, 2013.[3] Jonzun did not file his motion for extension of time to serve process until April 5, 2013. D. 32. Further, Jonzun did not file a supporting affidavit with his motion, as required by Local Rule 4.1(B). See D. 32.

The Court also finds that Jonzun has not otherwise shown good cause for his failure to comply with the service rules. See Holmes v. Meleady, 738 F. Supp. 2d 196, 201 (D. Mass. 2010) (finding that *pro se* plaintiff satisfied good cause for slight delay in service where "plaintiff made a good faith effort to serve them within the time limit). While a *pro se* litigant can show good cause by demonstrating "confusion on his part, either because of his unfamiliarity with the rules, or because of his reliance on the misleading advice of others," McIsaac v. Ford, 193 F. Supp. 2d 382, 384 (D. Mass. 2002), Jonzun has made no such showing here. See id. (finding that *pro se* plaintiff failed to show good cause when he was familiar with the service rules "as evidenced by his attempts to have service expedited on the last available day"); Donnelly v. UMass Corr. Med. Program, No. 09-11995-RGS, 2010 WL 1924700, at *2 (D. Mass. May 11, 2010) (considering, in dismissing complaint for failure to timely serve, that *pro se* plaintiff "offered no extenuating circumstances to excuse his failure to make service within the allotted 120 days"); cf. Baez v. Connelly, 478 F. App'x 674, 676 (1st Cir. 2012) (finding that incarcerated *pro se* plaintiff showed good cause when failure to serve was in part due to actions of United States Marshal, who should have requested home address of defendant, a federal law

---

[3] Jonzun argues that this period should be tolled for the twenty-seven days during which this case was voluntarily dismissed upon the motion of a person who moved for such relief under Jonzun's name, see D. 5–8, but he offers no legal support for the contention that this event alters the time frame under Fed. R. Civ. P. 4(m) that a defendant be served "120 days after the complaint is filed," or any persuasive argument about how this turn of events kept him from effectuating service within 120 days of the filing of the complaint. Accordingly, the Court rejects this argument.

enforcement agent, because plaintiff did not have access to such information, but also finding no good cause shown as to other two defendants, for whom plaintiff did not provide enough information for Marshal to complete service); Holmes, 738 F. Supp. 2d at 201 (finding good cause shown when *pro se* plaintiff submitted to the court an affidavit and return receipt demonstrating that he mailed complaint and summons before the expiration of the service deadline, which were received and signed for by the United States Marshal approximately one month before the deadline, but the "documents did not make their way to the defendants until two months later"). Here, Jonzun contends that he was "diligent in attempting to serve all Defendants . . . multiple times." D. 32 at 2. However, neither Jonzun's docket entries nor the documents he submitted in support of his motion reflect multiple attempts at serving each Defendant.[4] See D. 10–16; D. 32-2. Therefore, the Court DENIES Jonzun's motion for extension of time to serve process, D. 32. Given that the appropriate remedy for failure to effect service of process is dismissal without prejudice, Fed. R. Civ. P. 4(m), the Court DISMISSES WITHOUT PREJUDICE from this action Defendants Sony Music, Sony Pictures, Epic Records, The Michael Jackson Company, LLC, Chrysalis Songs and Mijac Music, whose summonses Jonzun returned unexecuted. D. 10–16.

## III. Conclusion

For the foregoing reasons, the Court ALLOWS the Estate's motion to dismiss, D. 20, and the Estate is DISMISSED from this action. The Court also ALLOWS the Anka Defendants and AEG Live's motions to dismiss, D. 25 and D. 38, and the Anka Defendants and AEG Live are

---

[4] While Jonzun has submitted documents reflecting that he attempted to serve Paul Anka Productions on two occasions, the second attempt was not until April 1, 2013, after the expiration for time for service. D. 32-2.

DISMISSED from this action. The Court DENIES AS MOOT Jonzun's motion for default judgment as to AEG Live, D. 45.

The Court DENIES Jonzun's motion for extension of time to serve process, D. 32, and DISMISSES WITHOUT PREJUDICE from this action Defendants Sony Music, Sony Pictures, Epic Records, The Michael Jackson Company, LLC, Chrysalis Songs and Mijac Music, whose summonses Jonzun returned unexecuted, D. 10–16, and the Doe 1 through 4 Defendants, whose summonses Jonzun did not return.[5]

**So Ordered.**

/s/ Denise J. Casper
United States District Judge

---

[5] Although Jonzun indicated at oral hearing that he may wish to amend the complaint, D. 78 at 18, he did not do so in response to the filing of Defendants' motions to dismiss and nothing he referenced at oral argument articulated a specific factual basis for amending the complaint.